IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,982-01






EX PARTE ALBERT FOLEY, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 16,682 IN THE 329TH DISTRICT COURT


FROM WHARTON COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while
intoxicated and sentenced to twenty-five years' imprisonment. The Thirteenth Court of Appeals
affirmed his conviction. Foley v. State, 327 S.W.3d 907 (Tex. App.-Corpus Christi-Edinburg, 2010). 

 Applicant contends, inter alia, that his appellate counsel rendered ineffective assistance
because counsel failed to timely notify Applicant that his conviction had been affirmed. He also
alleges that trial counsel was ineffective for misleading him into believing that he was accepting a
plea offer for six and one-half years' imprisonment, and for failing to investigate and present any
videotape evidence from the incident.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 

 The trial court shall obtain a response from both trial counsel and appellate counsel regarding
Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings as to whether any video or audio evidence of this incident
was available, and if so, whether trial counsel investigated such evidence and whether such evidence
was beneficial to the defense. The trial court shall make findings as to whether counsel informed
Applicant that there was a plea deal for six and one-half years' imprisonment, and if so, whether
counsel misled Applicant into believing he was accepting that plea offer. The trial court shall also
make findings of fact as to whether Applicant's appellate counsel timely informed Applicant that
his conviction had been affirmed. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: June 29, 2011

Do not publish